UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO.  S1-4:20CR00419 SEP |
| OVUOKE OFIKORO, | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.   PARTIES:**

The parties are the defendant, OVUOKE OFIKORO, represented by defense counsel, Marc Johnson, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.   This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

**2.   GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 1, 2 and 3 of the Superseding Information the United States agrees to dismiss all counts in Indictment No. 4:20-CR-419 SEP as to defendant at the sentencing hearing. The Government also agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in a romance scam conspiracy that targeted

women between 45 and 82 years of age between May 1, 2019 and July 31, 2020, of which the Government is aware at this time.  In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea.   The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3.   ELEMENTS:**

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1349, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

One, two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud, using an assumed name and address to commit a mail fraud scheme, wire fraud scheme, and a scheme to use assumed names to commit a mail fraud scheme, as charged in the indictment, and,

*Two*, the defendant voluntarily and intentionally joined in the agreement when it was first reached or while it was still in effect; and,

*Three*, at the time the defendant joined in agreement, he knew the purpose of the agreement.

2

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 1341, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, the defendant voluntarily and intentionally participated in a scheme to obtain money or property by means of material false representations or promises in that the defendant caused the mailing of express mail packages containing the illegal proceeds of a Romance Scam;

*Two*, the defendant did so with the intent to defraud; and

*Three*, the defendant caused to be used the mail in furtherance of, or in an attempt to carry out, some essential step in the scheme.

As to Count 3, the defendant admits to knowingly violating Title 18, United States Code, Section 1425(b), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, the defendant, for himself, issued, procured, obtained, applied for, or otherwise attempted to procure or obtain naturalization;

*Two*, the defendant was not entitled to citizenship or naturalization; and

*Three*, the defendant did so knowingly, that is, the defendant knew that he was not entitled to citizenship or naturalization.

**4.   FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On April 8, 2020, the United States Postal Inspection Service learned of a romance scam operating in the Eastern District of Missouri through the use of Post Office Box 34096 in Berkley, Missouri. The post office box account had been opened fraudulently by co-defendant Trenice Hassel at the behest of co-conspirator Bonmene Sibe, ("Sibe") so that Defendant and Sibe could receive money and electronic equipment that was being mailed by victims of the romance scam. Through a subsequent investigation, the inspectors learned that the scam had been operating since early 2019 in this district when S.C. rented Post Office Box 470031, St. Louis, Missouri 63147. In addition to Sibe and the defendant, various individuals residing in Nigeria and the United States participated in the scam.

Defendant agrees and admits that he and his co-conspirators stole the identities of United States military officers or created fictitious high-ranking military officers so they could convince their female victims to enter a romantic relationship with them. Through the use of various social media and dating platforms, the conspirators persuaded their female victims to send cash and electronic equipment to Post Office Box 34096, Berkley, Missouri and Post Office Box 470031, St. Louis, Missouri. Because of their romantic relationships, the women believed they were providing financial assistance to help their romantic interests secure valuable portfolios, buy houses for them to share, and return to the United States from their overseas deployments.

Defendant agrees and admits that as early as June 2019, he directed Sibe to find individuals who would open post office boxes that would be used to receive the proceeds of their mail and wire fraud scheme. Defendant further agrees that, after Sibe and Trenice Hassel persuaded B.M. to open a post office box that would be used fraudulently, between February 8, 2020 and July 31, 2020, he and his co-conspirators advised the fraud victims to mail packages containing the illegal proceeds

4

to B.M. at Post Office Box 34096, St. Louis, Missouri. He further agrees that when Sibe received express mail packages containing cash and electronic equipment that had been sent by the scam victims to B.M. at Post Office Box 34096 and S.C. at Post Office Box 470031, Sibe would obtain a portion of the funds while Defendant kept a portion for himself and distributed the remainder to other co-conspirators.

He further agrees and admits that between January 8, 2020 and June 4, 2020, he and Sibe collected, and attempted to collect, 87 pieces of express mail delivered through the United States Postal Service to B.M. from Post Office Box 34096 that had been sent by various women pursuant to the fraud scheme from the States of Tennessee, Minnesota, Hawaii, Georgia, Texas, Indiana, Illinois, Kentucky, Arkansas, North Carolina, Oklahoma, South Carolina, Pennsylvania, Kansas, Ohio, Maryland, Florida, Colorado, California, Nebraska, Utah, Iowa, Mississippi, Nevada, and New Hampshire. Specifically, Defendant agrees and admits that on February 19, 2020, he and Sibe accepted Express Mail package number EJ206820809US containing $2,000 in United States currency that had been mailed by P.K., a 71 year old woman living in the State of Tennessee, to Post Office Box 34096, Saint Louis, Missouri 63134. Defendant further agrees and admits that he and his co-conspirators induced P.K. to mail the money by convincing her that she was in a romantic relationship with an United States Army General who needed money so he could be transported from a Syrian hospital to the United States. Defendant further agrees that their fraudulent scheme resulted in substantial financial hardship to P.K. and at least four other women.

The parties estimate that more than $550,000 but less than $1,500,000 was sent by the various women to their romantic interests in the care of B.M., S.C., and others using Post Office Box 34096, Berkley, Missouri and Post Office Box 470031, St. Louis, Missouri.

5

On February 19, 2020, in support of his petition for naturalization, Defendant, a citizen of the Country of Nigeria, submitted Form I-445, styled "Notice of Naturalization Oath Ceremony," to representatives of the United States Citizenship and Immigration Services of the Department of Homeland Security in St. Louis, Missouri. Defendant agrees and admits that, through the petition, he falsely advised a department of the United States Government that he had not committed any crime for which he had not been arrested in order to secure his naturalization. Defendant further agrees and admits that, at the time he made the statement, he knew it was false and material because Defendant had been engaged intentionally in a conspiracy to commit a Romance Fraud Scheme through the fraudulent use of the United States Postal Service and interstate wire communications as early as June 2019. Defendant also submits that his personal involvement in the fraudulent activities continued through at least June 4, 2020.

Believing Defendant's representation to be true, the United States Citizenship and Immigration Services approved Defendant's petition and granted him citizenship on February 19, 2020.

**5.   STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime of conspiracy to commit mail fraud, the scheme of using an assumed name and address, and wire fraud to which the defendant is pleading guilty in Count 1 is imprisonment of not more than 20 years, a fine of not more than $250,000.00, or both.   The Court may also impose a period of supervised release of not more than 3 years.

Further, the defendant fully understands that the maximum possible penalty provided by law for the crime of mail fraud to which the defendant is pleading guilty in Count 2 is imprisonment

of not more than 20 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

In addition, Defendant fully understands that the maximum possible penalty provided by law for the making a false statement to which the defendant is pleading guilty in Count 3 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose not more than a 3-year period of supervised release.

**6.   U.S. SENTENCING GUIDELINES 2018 MANUAL:**

The defendant understands that Counts 1, 2, and 3 are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a.   Chapter 2 Offense Conduct:**

**(1)   Base Offense Level:**   As to Counts 1 and 2, the parties agree that the base offense level is **7** as found in Section 2B1.1(a)(1). With regard to Count 3, the parties agree that the base offense level as to Count 3 is **8** as found in Section 2L2.2. Because the total offense level as to Count 3 is **8** (U.S.S.G. § 2L2.2), which is 21 levels below the offense level for Counts 1 and 2 (which is **29**), pursuant to U.S.S.G. § 3D1.4, no offense level increase should be occasioned by the separate grouping of Count 3.   (*See* U.S.S.G. § 3D1.4 "Disregard any Group that is 9 or more levels less serious than the Group with the highest offense level. Such Groups will not increase the applicable offense level but may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level.").

Therefore, the Guidelines analysis below pertains to Counts 1 and 2, but Count 3, pursuant to U.S.S.G. § 3D1.4, has not been factored into the Guidelines analysis below.

**(2)   Chapter 2 Specific Offense Characteristics**:   The parties submit that the following specific offense characteristics apply: *14 levels* should be added pursuant to Section 2B1.1(b)(1)(H) because the loss resulting from the offense was more than $550,000.00; *4 levels* should be added pursuant to Section 2B1.1(b)(2)(B) because the offense involves substantial financial hardship to at least five individuals; *2 levels* should be added pursuant to Sections 2B1.1(b)(10)(B) and (C) because a substantial part of a fraudulent scheme was committed from outside the United States and the offense otherwise involved sophisticated means.

**b.   Chapter 3 Adjustments:**

**(1)   Other Adjustments**:   The parties submit that: *2 levels* should be added pursuant to Section 3A1.1 because the offense involved vulnerable victims and *3 levels* should be added pursuant to Section 3B1.1(b) because the defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive.

**(2)   Acceptance of Responsibility**:   The parties recommend that *3 levels* should be deducted pursuant to Sections 3E1.1(a) and (b) because the defendant has clearly demonstrated acceptance of responsibility and provided timely notification of an intent to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the

8

defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

  **c. Estimated Total Offense Level:** The parties estimate that the total offense level is **29**.

  **d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  **e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to motions, discovery and the guilty plea.

    **(2) Sentencing Issues:** In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the

corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History.   Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

    **b.   Habeas Corpus:**   The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.   Right to Records:**   The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.   OTHER:**

    **a.   Disclosures Required by the United States Probation Office:**   The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b.   Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.   Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The defendant understands that parole has been abolished.

**d.   Mandatory Special Assessment:**   Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100.00 for each count, for a total of $400.00 [handwritten: 300.00 TB / OOR MJ], which the defendant agrees to pay at the time of sentencing.   Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.   Possibility of Detention:**   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.   Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.   The precise amount of restitution is unknown at the present time.   Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).   Regardless of the Count of conviction, the

11

amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

  **g.   Forfeiture:**   The defendant agrees to forfeit all of the defendant's interest in all items seized by law-enforcement officials during the course of their investigation including, but not limited to: currency or any personal property.  The defendant admits that all United States currency, property and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds or were used to facilitate the illegal activity.   The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the government and to rebut the claims of nominees and/or alleged third party owners.   The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.   ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**   In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.   The defendant

further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

**10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or

coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.   The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.   NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the

government agrees to dismiss or not to bring.

| | |
|---|---|
| 7/15/2021<br>Date | **TRACY BERRY** Digitally signed by TRACY BERRY<br>Date: 2021.07.15 15:05:01 -05'00'<br>TRACY L. BERRY 014753 TN<br>Assistant United States Attorney<br>111 South 10th Street, Room 20.333<br>St. Louis, Missouri 63102<br>(314) 539-2200 |
| 07-02-2021<br>Date | OVUOKE OFIKORO<br>Defendant |
| 7/15/21<br>Date | MARC JOHNSON<br>Attorney for Defendant |

15